United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-30640
Summary Calendar

————————————

LEROY BANKS, III

                    Plaintiff - Appellant

        v.

HARRY LEE, Sheriff of Jefferson Parish Correctional Center;
LIEUTENANT WILLIAMS; LEON JAMES, Deputy; UNIDENTIFIED PARTIES;
YAKABA WILLIAMS, Sergeant; MICHAEL BORNE, Deputy; MICHAEL BORNE,
Lieutenant

                Defendants - Appellees

                --------------------
        Appeal from the United States District Court
            for the Eastern District of Louisiana
                  USDC No. 2:02-CV-3180
                --------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

      Leroy Banks, III, appearing pro se, appeals following a jury

verdict for the defendants on his excessive force claim under

42 U.S.C. § 1983.  We affirm.

      Banks argues, under various headings, that the magistrate

judge abused his discretion with respect to his handling of an

incident in which the jury learned of a conversation between

Banks and his witness, Tyrone Boyd, and that the magistrate judge

————————————

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in denying his motion for a new trial, which raised the issue of this outside influence on the jury. Banks contends that the magistrate judge was prejudiced against him, that the jury's awareness of the conversation caused him prejudice, that the instructions given by the magistrate judge in an attempt to remedy the situation were insufficient, that the remedial instructions given by the magistrate judge were not written and filed into the record as required by the local rules of the district court, and that the jury should have been dismissed and a mistrial declared.

We have carefully reviewed the transcript of the proceedings that occurred after the incident was brought to the attention of the magistrate judge. We have determined that the magistrate judge's determination that the jury was not improperly tainted was not clearly erroneous, and that the magistrate judge did not abuse his discretion in dealing with the possibility of extrinsic taint on the jury. See United States v. Bernard, 299 F.3d 467, 476 (5th Cir. 2002). Nor did the magistrate judge abuse his discretion in denying Banks's motion for a new trial. See Dawson v. Wal-Mart Stores, Inc., 978 F.2d 205, 208 (5th Cir. 1992).

Banks contends that the defendants' attorney, Franz Zibilich, should not have been allowed to represent the defendants at trial, and should not be permitted to represent then on appeal, because he was previously an unsuccessful candidate for judicial office. He argues that Zibilich's

representation violates ethical provisions.  Banks also contends that Zibilich was improperly allowed to file a notice of appearance in this court.  Banks's contentions are without merit.

Banks contends that he proved his claims by a preponderance of the evidence.  We liberally construe this portion of Banks's brief as a claim that the evidence was insufficient to support the jury's verdict in favor of the defendants.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Because Banks has not provided a transcript of the trial on the merits, as is his burden, this court cannot review his claim.  See United States v. Hinojosa, 958 F.2d 624, 632 (5th Cir. 1992); FED. R. APP. P. 10(b); FED. R. APP. P. 11(a).

Banks also moves for hearing en banc.  He challenges an order issued by the Clerk's Office permitting Zibilich to file a notice of appearance, and he reiterates his contention that Zibilich's representation of the defendants in the district court and on appeal is improper.

En banc hearings are not favored and generally will not be ordered unless the proceeding involves a question of exceptional importance that has not been uniformly determined by this court or other circuits.  See FED. R. APP. P. 35(a), (b)(1).  Because Banks has plainly failed to satisfy the standard for an en banc hearing, his motion is DENIED.  Banks is hereby WARNED that future abusive requests for en banc hearing or rehearing will result in sanctions.  See 5TH CIR. R. 35.1.

AFFIRMED; MOTION FOR HEARING EN BANC DENIED; SANCTIONS WARNING ISSUED.